IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL ROBEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. AW-05-1156 |
| | * | |
| SUBURBAN HOSPITAL, INC. | * | |
| | * | |
| Defendant | * | |

*****************************************************************************

## MEMORANDUM OPINION

This action involves a personal injury claim by Michael Robey ("Plaintiff") against Suburban Hospital, Inc. ("Defendant"). Currently pending before the Court is Defendant's Motion for Summary Judgment [25]. The Court has reviewed the entire record, as well as the Pleadings and Exhibits with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will deny Defendant's Motion for Summary Judgment.

## JURISDICTION

Plaintiff is a citizen of Virginia and Defendant is a Maryland corporation with a principal place of business in Maryland. Plaintiff's damages claim is in the amount of $500,000. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that on May 2, 2002 he suffered serious injuries when an elevator owned by Defendant closed on his left hand. At that time, Plaintiff was employed by Professional Ambulance Service, and was present at the hospital for the purpose of transporting a patient from the hospital to a nursing facility. Plaintiff, along with a co-worker, wheeled the patient to elevator No. 1 on the

fifth floor of the hospital. When the elevator car arrived, Plaintiff's co-worker entered first, pulling the stretcher. The elevator door then began closing against the foot of the stretcher. When the door failed to reopen automatically, Plaintiff was forced to physically push the elevator door open in order to push the stretcher inside the elevator car.

Plaintiff alleges that the door continued to hit the side of the stretcher until the stretcher was finally inside the elevator car. Then, all of a sudden, the door apparently slammed shut on Plaintiff's left hand, causing severe bruising and several fractures. On April 27, 2005, Plaintiff instituted this action seeking damages against Defendant. On May 18, 2006, after the close of discovery, Defendant moved for summary judgment.

## **STANDARD OF REVIEW**

Summary judgment is only appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). In a motion for summary judgment, the moving party discharges its burden by showing an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. The court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine*, 501 U.S. 496, 520 (1991) (internal citations omitted). However, the party who bears the burden of persuasion on a particular claim must present legally sufficient evidence to support each element of his claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). While the evidence of the nonmoving party is to be

believed and all justifiable inferences drawn in his or her favor, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.,* 152 F.3d 326, 330-31 (4th Cir. 1998); *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## **ANALYSIS**

Plaintiff's claim presents a basic negligence inquiry. Since this Court has diversity jurisdiction over this action, Maryland substantive law will supply the rule of decision. *See generally Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938). To establish a *prima facie* case of negligence in Maryland, the plaintiff must prove that: (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; (3) the plaintiff suffered damages; and (4) the defendant's breach was the proximate cause of the plaintiff's damages. *See Brown v. Dermer*, 744 A.2d 47, 54 (Md. 2000).

A.  Plaintiff's status upon Defendant's land

Whether Defendant owed Plaintiff a duty at the time of Plaintiff's injury depends on the status Plaintiff enjoyed while on Defendant's property. *See Rowley v. Mayor and City Council of Baltimore*, 505 A.2d 494, 498 (Md. 1986). The parties dispute whether Plaintiff's presence at the hospital made him a business invitee or a mere licensee. This dispute, however, does not create a material issue of fact. In Maryland, the issue of whether a legal duty exists is a question of law. *Jackson v. A.M.F. Bowling Ctrs., Inc.*, 128 F. Supp. 2d 307, 311 (D. Md. 2001) (citing *Valentine v. On Target, Inc.*, 727 A.2d 947, 949 (Md. 1999)).

Maryland courts define an invitee as "a person invited or permitted to enter or remain on another's property for purposes connected with or related to the owner's business." *Sherman v. Suburban Trust Co.*, 384 A.2d 76, 79 (Md. 1978). A licensee is defined as "one who enters the

property with the knowledge and consent of the owner but for his own purposes or interest." *Id*. The importance of the distinction lies in the duties associated with each. Business owners have an affirmative duty to their invitees to "use reasonable and ordinary care to keep the premises safe and to protect the invitee from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for his own safety, will not discover." *Southland Corp. v. Griffith*, 633 A.2d 84, 89 (Md. 1993). A landowner's duty to a licensee, however, is only to refrain from "wilful or wanton misconduct or entrapment." *Hicks v. Hitaffer*, 261 A. 2d 769 (Md. 1970).

Here, the parties agree that Plaintiff's presence at Suburban Hospital on May 2, 2002 was for the purpose of transporting a patient from the hospital to a nursing facility. It is basic knowledge that a hospital's general business practice includes the transfer of patients to other facilities. Therefore, Plaintiff's purpose for being present at Defendant's hospital is certainly "connected with or related to the owner's business." As such, Plaintiff was a business invitee. The Court rejects Defendant's assertion that Plaintiff was merely a licensee.

B.  Breach of Duty

After determining that Plaintiff was a business invitee of Defendant at the time of the incident, the next inquiry is whether Defendant breached the duty owed to Plaintiff as a business invitee. Plaintiff has presented expert testimony tending to show that elevator No. 1 was defective on May 2, 2002. Although Plaintiff's expert has dubiously described the defective condition as an "either/or event," this Court must construe the evidence and all reasonable inferences therefrom in the light most favorable to Plaintiff. Therefore, Plaintiff has come forth with at least some evidence that a defective condition did in fact exist. However, Plaintiff's job does not end there. Plaintiff must go further in order to survive a motion for summary judgment.

A landowner's duty to an invitee includes the "obligation to warn invitees of *known* hidden

dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers." *Tennant v. Shoppers Food Warehouse Md Corp.*, 693 A.2d 370, 374 (Md. Ct. Spec. App. 1997) (emphasis added). At the very core of a landowner's responsibility to a business invitee, from which the duties to inspect and warn the invitee of dangerous or defective conditions on the premises emanate, is the landowner's knowledge of such conditions. *See Lloyd v. Bowles*, 273 A.2d 193, 196 (Md. 1971) (stating that in order to be liable, the landowner must have "actual or constructive notice of a condition which created an unreasonable risk of harm to the invitee"). Even taken the evidence in the light most favorable to Plaintiff, it appears that the breach of duty element of Plaintiff's negligence claim lacks sufficient support to survive summary judgment.

Although landowners have a heightened duty to invitees, this does not make them insurers of their invitees' safety. *Id*. Therefore, the mere fact that plaintiff was injured on Defendant's property does not necessitate a finding of liability. Plaintiff has the burden of proving that Defendant had knowledge of the defective condition and failed to warn Plaintiff of such. Plaintiff has failed to meet this burden. Nowhere in Plaintiff's compilation of evidence are there any facts tending to show that Defendant knew or should have known that elevator No. 1 was defective. Plaintiff's only offering on the issue of Defendant's knowledge is the bland assertion that Defendant should have known that the elevator was defective because Defendant was operating the elevator without a valid certification. Plaintiff offered no evidence of previous or subsequent problems with the elevator door. On the contrary, Defendant offered the affidavit of the Timothy Haas, the elevator inspector who inspected elevator No. 1 just over two weeks before and one week after Plaintiff's injury. Mr. Haas averred that the door was operating properly at those times. There is simply insufficient evidence to support the inference that Defendant had the requisite notice. Even if we assume, *arguendo*, that the elevator was in fact defective, it is certainly possible that the defect could

have occurred immediately before Plaintiff's injury. This would make it impossible for Defendant to discover the defect and correct it or warn Plaintiff of it in time to avoid injury. In order to survive summary judgment, Plaintiff had the burden of bringing forth evidence to establish the notice requirement of the negligence claim. His failure to do so delivers a serious blow to his case.

C.  Prima Facie Negligence

Plaintiff attempts to resuscitate his case by making a statutory violation argument. Specifically, he contends that Defendant was negligent in that its violation of the Maryland elevator safety code provisions proximately caused Plaintiff's injuries. Maryland courts have made clear that "the violation of a statute does not constitute negligence *per se*." *Pahanish v. Western Trails, Inc.*, 517 A.2d 1122, 1132 (Md. Ct. Spec. App. 1986). However, the statutory violation may constitute some evidence of negligence where: (1) the plaintiff is a member of the class of persons the statute was designed to protect; (2) the injury is of the type the statute was designed to protect against; and (3) the violation itself is the proximate cause of the injury. *Id*. If Plaintiff can meet these three requirements, then he has done enough to thwart a summary judgment attack on his case. *Polakoff v. Turner*, 869 A.2d 837, 843 (Md. 2005) ("Where there is evidence that the violation of the statute proximately caused the plaintiff's injury, evidence of such violation is sufficient evidence to warrant the court in submitting the case to the jury on the question of the [defendant's] negligence."). There is no requirement that Plaintiff establish knowledge on the part of Defendant. *Id*. (explaining that once the three requirements above are shown, the defendant's knowledge that he or she violated the statute is not part of the plaintiff's burden of proof).

At the time of Plaintiff's injury, passenger elevators were regulated by the American Society of Mechanical Engineers Safety Code for Elevators and Escalators, ASME Code A17.1. MD. ANN.

CODE art. 89, § 49B(d) (2002).[1]  According to Plaintiff's engineering expert, the relevant code provisions are Rules 112.5, 111.7(a), and 112.4(b).  Rule 112.5 requires a reopening device which will stop and reopen the elevator door in the event the door path is obstructed while closing.  Rule 111.7(a) defines the closed position of the elevator door as the leading edge of the door being within 3/8 inch from the nearest fixed jam.  The elevator must be equipped with a system interlock device which prevents the elevator car from moving until the elevator door reaches the closed position.  Finally, Rule 112.4(b) requires that the force necessary to prevent the closing of the elevator door from a stationary position not exceed 30 pounds.

It is clear from the code provisions that Plaintiff, as an elevator passenger, is among the class of persons the code was designed to protect.  Further, requiring (1) that the elevator door stop and retract if its path is obstructed, (2) that the elevator door reach the close position before moving, and (3) only a minimal amount of physical force to overcome the momentum of a closing elevator door seems to contemplate injuries such as the one Plaintiff suffered.  The question is whether Defendant's violation of these statutory provisions proximately caused Plaintiff's injuries.

Plaintiff has offered the depositions of both an engineering expert and the physician that treated Plaintiff's injuries.  The expert opines that Plaintiff's injuries resulted from an "either/or event."  Either Plaintiff's left hand was compressed from its normal thickness to 3/8 inch (to meet the elevator system interlocking requirement), or the elevator reopening device was inoperable, or both.  The doctor noted in his deposition that Plaintiff suffered blunt trauma to his left hand on May 2, 2002 as a result of the elevator incident.  Taken the evidence in the light most favorable to the Plaintiff, it appears that Plaintiff has produced sufficient evidence that the statutory violation

---

[1] Effective October 1, 2003, this provision was replaced with no substantive changes by MD. CODE ANN., PUB. SAFETY § 12-801 *et. seq*.

proximately caused his injuries. As such, he has made out a prima facie case of negligence and summary judgment in favor of Defendant is not warranted.

## **CONCLUSION**

For the reasons stated above, the Court will deny Defendant's Motion for Summary Judgment. An Order consistent with this opinion will follow.

|  |  |
|---|---|
| September 11, 2006 | /s/ |
| Date | Alexander Williams, Jr. |
|  | United States District Judge |